IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTINE D. RODGERS, | ) |
| Plaintiff, | ) |
| v. | ) No. 02-2744-Ml/An |
| BARBARA S. McCULLOUGH, et al., | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AS AMENDED

Before the Court is Plaintiff's Motion for Relief Based on Defendants' Violation of Settlement Agreement and for Sanctions, filed November 17, 2004 ("Pl.'s Mot."). Defendants responded in opposition on December 20, 2004. This motion was referred to the United States Magistrate Judge for Report and Recommendation. The Magistrate Judge submitted his Report and Recommendation on March 2, 2005, recommending that Plaintiff's motion be denied. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on March 14, 2005. Plaintiff filed an amended objection on March 17, 2005. Defendants filed an opposition to Plaintiff's objections on March 28, 2005.

Upon *de novo* review of the parties' submissions and the Magistrate Judge's report, the Court ADOPTS the Magistrate Judge's Report and Recommendation as amended.

Regarding Plaintiff's motion for sanctions, the Court agrees with the conclusion in the Report and Recommendation that

Plaintiff is not entitled to sanctions under Federal Rule of Civil Procedure 11.[1]  With respect to Plaintiff's motion for relief based on the Defendants' asserted violation of the settlement agreement, the Court agrees with the Magistrate Judge's determination that Defendants breached the terms of the settlement agreement by attaching a copy of that agreement to their motion to enforce the settlement agreement.  However, the Court amends the report and recommendation to reflect that the above conduct did not constitute a material breach of the confidentiality provision of that agreement.

A claim that a party has failed to comply with the terms of a settlement agreement is one for breach of contract.  Under Tennessee law, the following factors are considered when determining whether a party materially breached a contract:

> (a) the extent to which the injured party will be deprived of the benefit which he [or she] reasonably expected;
> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he [or she] will be deprived;
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

---

[1] Plaintiff objects to the Magistrate Judge's determination that she did not comply with the safe harbor requirements contained in Rule 11.  Although Plaintiff asserts that she complied with the safe harbor requirements, she provided no evidence to support her assertion.  (Pl.'s Mot. for Rel. Based on Defs.' Viol. Of Settlement Agreement and for Sanctions, at 12.)  Even assuming, however, that Plaintiff did comply with the safe harbor requirements, the Court agrees with the Magistrate Judge's determination that Plaintiff's motion for Rule 11 sanctions should be denied.

>   (d) the likelihood that the party failing to perform or to offer to perform will cure his [or her] failure, taking account of all the circumstances including any reasonable assurances;
>   (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

McClain v. Kimbrough Constr. Co., 806 S.W.2d 194, 199 (Tenn. Ct. App. 1990) (quoting Restatement (Second) of Contracts, § 241 (1979)). In the instant case, Plaintiff has not been deprived of the benefit she reasonably expected from executing the settlement agreement - namely, the receipt of a monetary sum in exchange for releasing her claims against Defendants. In addition, Defendants' breach of the settlement agreement was not made in bad faith. Therefore, after considering Plaintiff's objections in light of the five factors listed in Kimbrough, the Court finds that Defendants did not materially breach the confidentiality provision of the settlement agreement.

For the foregoing reasons, the Court ADOPTS the March 2, 2005, Report and Recommendation of the Magistrate Judge as amended.

So ORDERED this 3th day of May, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 104 in case 2:02-CV-02744 was distributed by fax, mail, or direct printing on May 4, 2005 to the parties listed.

---

Tameka Nicohl Turner-Perry
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Richard Glassman
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

David B. Mour
BOROWITZ & GOLDSMITH, PLC
One Riverfront Plaza
Ste. 1100
Louisville, KY 40202

James F. Horner
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Warner Hodges
HODGES LAW OFFICES
2756 Oak Leigh Lane
Germantown, TN 38138

William M. Monroe
THE MONROE FIRM, PLLC
One Commerce Square
Ste. 1525
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT